FILED _____ LODGED
_____ RECEIVED

SEP 04 2018

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN D. LINT,<br><br>Defendant. | NO. CR18-5152 BHS<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States
Attorney for the Western District of Washington, and Joseph C. Silvio, Special Assistant
United States Attorney, the defendant, ALLEN D. LINT, and his attorney, Bryan
Hershman, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal
Procedure 11(c)(1)(A):

1.     **The Charge**.  The defendant, having been advised of the right to have this
matter tried before a jury, agrees to waive that right and enter a plea of guilty to the
following charge:  Conspiracy to Distribute Controlled Substances, in violation of Title
21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846, a lesser included
offense of the offense charged in Count 1 of the Indictment.

By entering a plea of guilty, the defendant hereby waives all objections to the form
of the charging document.  The defendant further understands that before entering his

PLEA AGREEMENT / *United States v. Lint*, CR18-5152 BHS - 1

1 | plea of guilty, he will be placed under oath. Any statement given by the defendant under

2 | oath may be used by the United States in a prosecution for perjury or false statement.

3 |     2.     **Elements of the Offense**. The elements of the offense of Conspiracy to

4 | Distribute Controlled Substances, in violation of Title 21, United States Code, Sections

5 | 841(a)(1), 841(b)(1)(B), and 846, a lesser included offense of the offense charged in

6 | Count 1 of the Indictment, are as follows:

7 |     *First*, there was an agreement between two or more persons to distribute

8 | controlled substances;

9 |     *Second*, the defendant joined in the agreement knowing of its purpose and

10 | intending to help accomplish that purpose; and

11 |     *Third*, the offense involved an agreement to distribute 1 gram or more of a mixture

12 | or substance containing a detectable amount of lysergic acid diethylamide (LSD).

13 |     3.     **Drug Offense - Proof of Drug Quantity for Mandatory Minimum**. The

14 | defendant further understands that in order to invoke the statutory sentence for the lesser

15 | included offense of the offense charged in Count 1 of the Indictment, the United States

16 | must prove beyond a reasonable doubt that the offense involved an agreement to

17 | distribute 1 gram or more of a mixture or substance containing a detectable amount of

18 | LSD. The defendant expressly waives the right to require the United States to make this

19 | proof at trial and stipulates that the offense to which he is pleading guilty involved an

20 | agreement to distribute 1 gram or more of a mixture or substance containing a detectable

21 | amount of LSD.

22 |     4.     **The Penalties**. The defendant understands that the statutory penalties for

23 | the offense of Conspiracy to Distribute Controlled Substances, in violation of Title 21,

24 | United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846, a lesser included offense

25 | of the offense charged in Count 1 of the Indictment, are as follows: A minimum term of

26 | imprisonment of 5 years, and maximum term of imprisonment of 40 years, a fine of up to

27 | $5,000,000, a period of supervision following release from prison of at least 4 years, and

28 |

1   a mandatory special assessment of $100.  The defendant agrees that the special

2   assessment shall be paid at or before the time of sentencing.

3       The defendant understands that as a part of any sentence, in addition to any term

4   of imprisonment and/or fine that is imposed, the Court may order the defendant to pay

5   restitution to any victim of the offense, as required by law.

6       The defendant further understands that a consequence of pleading guilty may

7   include the forfeiture of certain property either as a part of the sentence imposed by the

8   Court, or as a result of civil judicial or administrative process.

9       The defendant agrees that any monetary penalty the Court imposes, including the

10  special assessment, fine, costs, or restitution, is due and payable immediately and further

11  agrees to submit a completed Financial Statement of Debtor form as requested by the

12  United States Attorney's Office.

13      5.      **Rights Waived by Pleading Guilty**.  The defendant understands that by

14  pleading guilty, he knowingly and voluntarily waives the following rights:

15          a.      The right to plead not guilty and to persist in a plea of not guilty;

16          b.      The right to a speedy and public trial before a jury of his peers;

17          c.      The right to the effective assistance of counsel at trial, including, if

18  the defendant could not afford an attorney, the right to have the Court appoint one for

19  him;

20          d.      The right to be presumed innocent until guilt has been established

21  beyond a reasonable doubt at trial;

22          e.      The right to confront and cross-examine witnesses against the

23  defendant at trial;

24          f.      The right to compel or subpoena witnesses to appear on his behalf at

25  trial;

26          g.      The right to testify or to remain silent at trial, at which trial such

27  silence could not be used against the defendant; and

28          h.      The right to appeal a finding of guilt or any pretrial rulings.

PLEA AGREEMENT / *United States v. Lint*, CR18-5152 BHS - 3

6.    **Drug Offenses - Program Eligibility**.  The defendant understands that by pleading guilty to a felony drug offense, the defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

7.    **Forfeiture**.  The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case.  The defendant agrees that the conduct to which he is pleading guilty, a lesser included offense of the offense charged in Count 1 of the Indictment, and this Plea Agreement provide a sufficient factual and statutory basis for the forfeiture of the property sought by the United States.

The defendant agrees, pursuant to Title 21, United States Code, Section 853(a), to forfeit to the United States immediately all of his right, title, and interest in any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the commission of the lesser included offense of the offense charged in Count 1 of the Indictment, and further to forfeit any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the lesser included offense of the offense charged in Count 1 of the Indictment, including the following property:

a.    $3,122.25 in U.S. currency seized from the defendant on September 28, 2017;

b.    Various precious metals seized from the defendant on September 28, 2017;

c.    Samsung mobile phone, model SM-G902V, IMEI 990004864303452;

d.    Motorola mobile phone, model XT1650-02, unknown serial or IMEI number, black in color;

e.    LG mobile phone, model LG-D820, unknown serial or IMEI number, black in color;

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

f.  Samsung mobile phone, model SM-G386T, serial number R28F8022X2J;

g.  Samsung mobile phone, model SM-G925V, IMEI 990004848478784; and

h.  Dell laptop computer, Inspiron 5720, service tag number 9BYQCT1.

The United States reserves its right to proceed against any assets not identified in this Plea Agreement, including any property in or over which the defendant has any interest or control, if those assets, real or personal, tangible or intangible, constitute or are derived from proceeds the defendant obtained, directly or indirectly, as the result of a violation of Title 21, United States Code, Sections 841 and 846.

8.  **Forfeiture of Contraband.**  Defendant agrees that if any federal law enforcement agency seized any firearms, illegal drugs, or other illegal contraband that was in defendant's direct or indirect control, defendant consents to the administrative forfeiture, official use, and/or destruction of said firearms or contraband by any federal law enforcement agency involved in the seizure of these items.

9.  **Statement of Facts.**  The parties agree on and stipulate to the following facts and the defendant admits that he is guilty of the charged offenses:

a.  Beginning at a time unknown, but within the last five years, and continuing until on or about September 28, 2017, defendant ALLEN D. LINT entered into an agreement with the administrators of Dream Market, and others known and unknown, to distribute controlled substances.  Defendant entered into this agreement knowing of its purpose and intending to help accomplish that purpose.

b.  Specifically, from no later than May 23, 2016, until September 28, 2017, defendant operated a vendor account on the Dream Market dark web marketplace, distributing various controlled substances including:  LSD, psychedelic mushrooms, 4-chloro-2, 5- dimethoxyamphetamine (DOC), 3, 4-methylenedioxymethamphetamine (MDMA), marijuana, and various marijuana distillates.

c.  During the time that defendant was distributing controlled substances on the Dream Market platform, he filled more than 1,700 orders that he shipped to customers located throughout the United States.  Customers paid defendant via cryptocurrency that was held in escrow by the administrators of Dream Market.  In return

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  for being allowed to operate as a vendor on the Dream Market platform, defendant paid
2  Dream Market administrators a percentage of the proceeds of each controlled substance
3  transaction.

4          d.     On September 28, 2017, agents executed a federal search warrant at
   defendant's residence.  Pursuant to that warrant, agents seized multiple controlled
5  substances including:  29.64 grams of LSD cardstock (approximately 3,683 individual
6  doses), psychedelic mushrooms, DOC, MDMA, N, N-dimethyltryptamine (DMT), and
   various marijuana products.  During this search, law enforcement also seized:  a canister
7  of methylsulfonylmethane (frequently used as a cutting agent for methamphetamine),
8  boxes of latex gloves, a small digital scale, a vacuum-sealer, shipping materials, and a
   ledger that contained dozens of names and addresses along with hand-written notes
9  depicting amounts and types of controlled substances that defendant had distributed to
10 customers throughout the United States via his Dream Market vendor account.

11        10.    **United States Sentencing Guidelines**.  The defendant understands and
12 acknowledges that the Court must consider the sentencing range calculated under the
13 United States Sentencing Guidelines and possible departures under the Sentencing
14 Guidelines together with the other factors set forth in Title 18, United States Code,
15 Section 3553(a), including:  (1) the nature and circumstances of the offenses; (2) the
16 history and characteristics of the defendant; (3) the need for the sentence to reflect the
17 seriousness of the offenses, to promote respect for the law, and to provide just
18 punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to
19 criminal conduct; (5) the need for the sentence to protect the public from further crimes
20 of the defendant; (6) the need to provide the defendant with educational and vocational
21 training, medical care, or other correctional treatment in the most effective manner; (7)
22 the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the
23 need to avoid unwarranted sentence disparity among the defendants involved in similar
24 conduct who have similar records.  Accordingly, the defendant understands and
25 acknowledges that:

26        a.     The Court will determine the applicable Sentencing Guidelines
27 range at the time of sentencing;

28        b.     After consideration of the Sentencing Guidelines and the factors in

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the

2   maximum term authorized by law;

3          c.      The Court is not bound by any recommendation regarding the

4   sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

5   range offered by the parties or the United States Probation Department, or by any

6   stipulations or agreements between the parties in this Plea Agreement; and

7          d.      The defendant may not withdraw his guilty pleas solely because of

8   the sentence imposed by the Court.

9        11.     **Sentencing Factors**. The Parties agree that the following Sentencing

10   Guidelines apply to this case:

11          a.      The base offense level is 32 under USSG § 2D1.1(c)(4);

12          b.      A two-level increase for mass marketing by means of an interactive

13   computer service pursuant to USSG § 2D1.1(b)(7); and

14          c.      A three-level decrease for acceptance of responsibility pursuant to

15   USSG § 3E1.1 (b).

16        The parties are free to seek the application of any other provisions of the

17   Sentencing Guidelines. The defendant understands that at sentencing the Court is free to

18   apply additional downward or upward adjustments in determining the defendant's

19   Sentencing Guidelines range.

20        12.     **Acceptance of Responsibility**. At sentencing, if the Court concludes the

21   defendant qualifies for a downward adjustment for acceptance of responsibility pursuant

22   to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States

23   will make the motion necessary to permit the district court to decrease the total offense

24   level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because the defendant has

25   assisted the United States by timely notifying the United States of his intention to plead

26   guilty, thereby permitting the United States to avoid preparing for trial and permitting the

27   Court to allocate its resources efficiently.

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        13.   **Ultimate Sentence**.  The defendant acknowledges that no one has promised

2 or guaranteed what sentence the Court will impose.

3        14.   **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,

4 the United States Attorney's Office for the Western District of Washington agrees not to

5 prosecute the defendant for any additional offenses known to it as of the time of this

6 Agreement.  At the time of sentencing, ~~the Specifically, at the time of sentencing the~~

7 ~~United States~~ *the government will move to dismiss count 2*

           *of the indictment.*

8      In this regard, the defendant recognizes the United States has agreed not to

9 prosecute all of the criminal charges the evidence establishes were committed by the

10 defendant solely because of the promises made by the defendant in this Agreement.  The

11 defendant agrees, however, that for purposes of preparing the Presentence Report, the

12 United States Attorney's Office will provide the United States Probation Office with

13 evidence of all conduct committed by the defendant.

14      The defendant agrees that any charges to be dismissed before or at the time of

15 sentencing were substantially justified in light of the evidence available to the United

16 States, were not vexatious, frivolous or taken in bad faith, and do not provide the

17 defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No.

18 105-119 (1997).

19        15.   **Breach, Waiver, and Post-Plea Conduct**.  The defendant agrees that if the

20 defendant breaches this Plea Agreement, the United States may withdraw from this Plea

21 Agreement and the defendant may be prosecuted for all offenses for which the United

22 States has evidence.  The defendant agrees not to oppose any steps taken by the United

23 States to nullify this Plea Agreement, including the filing of a motion to withdraw from

24 the Plea Agreement.  The defendant also agrees that if the defendant is in breach of this

25 Plea Agreement, the defendant has waived any objection to the re-institution of any

26 charges in the Indictment that were previously dismissed or any additional charges that

27 had not been prosecuted.

28

1    The defendant further understands that if, after the date of this Plea Agreement,

2    the defendant should engage in illegal conduct, or conduct that violates any conditions of

3    release or the conditions of his confinement, (examples of which include, but are not

4    limited to, obstruction of justice, failure to appear for a court proceeding, criminal

5    conduct while pending sentencing, and false statements to law enforcement agents, the

6    Pretrial Services Officer, Probation Officer, or Court), the United States is free under this

7    Plea Agreement to file additional charges against the defendant or to seek a sentence that

8    takes such conduct into consideration by requesting the Court to apply additional

9    adjustments or enhancements in its Sentencing Guidelines calculations in order to

10   increase the applicable advisory Guidelines range, and/or by seeking an upward departure

11   or variance from the calculated advisory Guidelines range.  Under these circumstances,

12   the United States is free to seek such adjustments, enhancements, departures, and/or

13   variances even if otherwise precluded by the terms of the plea agreement.

14        16.    **Waiver of Appeal and Rights to Collateral Attack**.  The defendant

15   acknowledges that by entering the guilty plea required by this Plea Agreement, the

16   defendant waives all rights to appeal from his conviction and any pretrial rulings of the

17   Court.  The defendant further agrees that, provided the Court imposes a custodial

18   sentence that is within or below the Sentencing Guidelines range (or the statutory

19   mandatory minimum, if greater than the Guidelines range) as determined by the Court at

20   the time of sentencing, the defendant waives to the full extent of the law:

21        a.    any right conferred by Title 18, United States Code, Section 3742, to

22   challenge, on direct appeal, the sentence imposed by the Court, including any fine,

23   restitution order, probation or supervised release conditions, or forfeiture order (if

24   applicable); and

25        b.    any right to bring a collateral attack against the conviction and

26   sentence, including any restitution order imposed, except as it may relate to the

27   effectiveness of legal representation.

28

PLEA AGREEMENT / *United States v. Lint*, CR18-5152 BHS - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    The defendant acknowledges having received sufficient consideration in exchange
2  for waiving the rights defined in this paragraph, to include the government's decisions to
3  dismiss Count 2 of the Indictment, and to forego additional criminal charges and specific
4  sentencing enhancements, *e.g.*, the filing of an information pursuant to Title 21, United
5  States Code, Section 851.

6    This waiver does not preclude the defendant from bringing an appropriate motion
7  pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the
8  decisions of the Bureau of Prisons regarding the execution of his sentence.

9    If the defendant breaches this Plea Agreement at any time by appealing or
10  collaterally attacking (except as to effectiveness of legal representation) the conviction or
11  sentence in any way, the United States may prosecute the defendant for any counts,
12  including those with mandatory minimum sentences, that were dismissed or not charged
13  pursuant to this Plea Agreement.

14    17.    **Voluntariness of Plea**. The defendant agrees that he has entered into this
15  Plea Agreement freely and voluntarily and that no threats or promises, other than the
16  promises contained in this Plea Agreement, were made to induce the defendant to enter
17  his pleas of guilty.

18    18.    **Statute of Limitations**. In the event this Plea Agreement is not accepted
19  by the Court for any reason, or the defendant has breached any of the terms of this Plea
20  Agreement, the statute of limitations shall be deemed to have been tolled from the date of
21  the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the
22  Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach
23  of the Plea Agreement by the defendant is discovered by the United States Attorney's
24  Office.

25  //

26  //

27  //

28  //

PLEA AGREEMENT / *United States v. Lint*, CR18-5152 BHS - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    19.    **Completeness of Agreement**.  The United States and the defendant

2  acknowledge that these terms constitute the entire Plea Agreement between the parties.

3  This Plea Agreement binds only the United States Attorney's Office for the Western

4  District of Washington.  It does not bind any other United States Attorney's Office or any

5  other office or agency of the United States, or any state or local prosecutor.

6        Dated this 4th day of September, 2018.

7

8

9

10   ALLEN D. LINT
     Defendant

11

12   BRYAN HERSHMAN

13   Attorney for the Defendant

14

15

16   TODD GREENBERG

17   Assistant United States Attorney

18

19

20   JOSEPH SILVIO
     Special Assistant United States Attorney

21

22

23

24

25

26

27

28

PLEA AGREEMENT / *United States v. Lint*, CR18-5152 BHS - 11