The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR18-5152 BHS |
| Plaintiff, | |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| ALLEN D. LINT, | |
| Defendant. | |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Joseph C. Silvio, Special Assistant United States Attorney for said District, respectfully submits this memorandum regarding the sentencing of ALLEN D. LINT, scheduled for December 3, 2018, at 9:30 a.m.

For the reasons that follow, the government respectfully recommends that the Court impose a custodial sentence of sixty (60) months imprisonment.  The government further recommends a term of supervised release of five (5) years.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

From no later than May 23, 2016, until September 28, 2017, defendant operated a vendor account on the Dream Market Darknet marketplace, distributing various controlled substances including:  LSD, psychedelic mushrooms, 4-chloro-2, 5-

Government's Sentencing Memorandum - 1
*United States v. Allen D. Lint, CR18-5152 BHS*

1  dimethoxyamphetamine (DOC), 3, 4-methylenedioxymethamphetamine (MDMA),

2  marijuana, and various marijuana distillates.  PSR at ¶¶ 8-9.

3        During the time that defendant was distributing controlled substances on the

4  Dream Market platform, he filled more than 1,700 orders that he shipped to customers

5  located throughout the United States.  *Id*. at ¶ 10.  Customers paid defendant via

6  cryptocurrency that was held in escrow by the administrators of Dream Market.  *Id*.  In

7  return for being allowed to operate as a vendor on the Dream Market platform, defendant

8  paid Dream Market administrators a percentage of the proceeds of each controlled

9  substance transaction.  *Id*.

10       On September 28, 2017, agents executed a federal search warrant at defendant's

11 residence.  *Id*. at ¶ 11.  Pursuant to that warrant, agents recovered multiple controlled

12 substances including:  29.64 grams of LSD cardstock (approximately 3,683 individual

13 doses), psychedelic mushrooms, DOC, MDMA, N, N-dimethyltryptamine (DMT), and

14 various marijuana products.  *Id*.  During this search, law enforcement also seized:  a

15 canister of methylsulfonylmethane (frequently used as a cutting agent for

16 methamphetamine), boxes of latex gloves, a small digital scale, a vacuum-sealer,

17 shipping materials, and a ledger that contained dozens of names and addresses along with

18 hand-written notes depicting amounts and types of controlled substances that defendant

19 had distributed to customers throughout the United States via his Dream Market vendor

20 account.  Dkt. 29 at ¶ 9d.

21             II.    CURRENT CHARGES AND PLEA AGREEMENT

22       On April 18, 2018, defendant was indicted by Grand Jury in the Western District

23 of Washington for the offenses of Conspiracy to Distribute Controlled Substances in

24 violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and Possession of LSD with

25 Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  Dkt. 16.

26       On September 4, 2018, defendant pleaded guilty to Conspiracy to Distribute

27 Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, a

28 lesser included offense of the offense charged in Count 1 of the Indictment.  Dkt. 29.

Government's Sentencing Memorandum - 2
*United States v. Allen D. Lint, CR18-5152 BHS*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Pursuant to the Plea Agreement, the government will move to dismiss Count 2 of the

2    Indictment at the time of sentencing.  *Id*. at ¶ 14.

3            III.    ADVISORY GUIDELINES RANGE AND SAFETY-VALVE

4            In the plea agreement, the parties agreed that certain Guidelines factors applied to

5    the defendant's conduct.  *Id.* at ¶ 11.  Consistent with the plea agreement, the government

6    agrees with the conclusion of U.S. Probation that the final offense level is 34.  PSR at ¶¶

7    18-23.  With a criminal history category of II, and a three-level reduction for acceptance

8    of responsibility, the corresponding guidelines range is 121 – 151 months.  *Id*. at ¶¶ 25-

9    27, 31, 58.

10           IV.    18 U.S.C. § 3553 ANALYSIS

11           The government recommends that the Court sentence defendant to a total term of

12   imprisonment of sixty months, followed by a five-year term of supervised release.  This

13   recommendation is based on the factors set forth in 18 U.S.C. § 3553(a), with a particular

14   focus on the nature and circumstances of the offense, defendant's history and

15   characteristics, the need to deter similar conduct, protect the public, and promote respect

16   for the law.

17           **A.    Nature and Circumstances of the Offense.**

18           The nature and circumstances of defendant's conduct warrants a substantial term

19   of imprisonment.  As noted, the defendant operated on the Dream Market Darknet market

20   over a 16-plus month period.  During this time, the defendant sold a variety of

21   hallucinogens, to include LSD, psilocybin mushrooms, DOC, MDMA, and DMT.  While

22   the exact amount of controlled substances sold by the defendant via Dream Market is not

23   known, customer postings on the defendant's Dream Market vendor account indicate that

24   the defendant filled in more than 1,700 individual orders.  Given the time period the

25   defendant was operating on Dream Market, the defendant averaged about four

26   transactions every day.  Furthermore, establishing a vendor account on Dream Market

27   required special software, the defendant maintained public-private keys for encrypted

28   communication with clients, and defendant was paid via cryptocurrency.  Text messages

Government's Sentencing Memorandum - 3
*United States v. Allen D. Lint, CR18-5152 BHS*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  recovered from the defendant's cell phone show that selling drugs on the Dream Market

2  was virtually the defendant's only source of income during this time.  Dkt. 1 at ¶ 49.

3  Ultimately, the defendant distributed a large volume of controlled substances in a

4  particularly sophisticated manner.  In short, the offense conduct warrants the requested

5  five-year custodial term.

6      **B.      History and Characteristics of defendant.**

7      Defendant's history and characteristics can be considered both mitigating and

8  aggravating.  On the side of aggravation, the defendant has a previous federal conviction

9  for trafficking in LSD, *i.e.,* one of the drugs involved in the instant conviction.  Indeed,

10 that the defendant returned to trafficking in controlled substances – this time in a far more

11 sophisticated manner – approximately four years after he was terminated from federal

12 supervision is particularly troubling to the government.

13     On the side of mitigation, however, it is apparent to the government that

14 circumstances related to the defendant's childhood, his mental health, and his issues with

15 addiction significantly contributed to present offense conduct.  It is an understatement to

16 say that the defendant received poor modeling from his natural parents.  Given the

17 circumstances of his upbringing, it is not surprising that the Defendant developed

18 depression and an addiction to opioids.   Based upon investigation, as well as the

19 defendant's own statements, it is clear that defendant was primarily selling drugs on

20 Dream Market to feed a massive fentanyl addiction.

21     What gives the government the most hope as it relates to the defendant's risk of

22 recidivism is his performance on pre-trial bond over the last six-plus months.  During this

23 time, the defendant not only remained gainfully employed, but also – and more

24 importantly – engaged in mental health treatment to address his depression and opioid

25 addiction.  Furthermore, due to the defendant's conduct while on pre-trial bond, it is clear

26 to the government that if the defendant continues to engage in therapy and abstains from

27 drug use, he has an excellent chance of sustaining a pro-social life going forward.

28

Government's Sentencing Memorandum - 4
*United States v. Allen D. Lint, CR18-5152 BHS*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**C.**   **Affording Adequate Deterrence to Criminal Conduct, Promoting Respect for the Law, Protecting the Public from Further Crimes of the Defendant, and Providing Just Punishment.**

As noted throughout, the defendant engaged in a sophisticated scheme to sell numerous controlled substances via the Darknet.  Unfortunately, with the rise of Darknet markets, drug trafficking has entered an age where it has become possible for individuals to sit behind their keyboard – in relative anonymity – and distribute drugs on a national scale.  The technical sophistication required and perceived anonymity has undoubtedly attracted individuals to this endeavor that would not otherwise be inclined to engage in more traditional – and dangerous – means of distributing controlled substances.  As such, when Darknet vendors are located and prosecuted, the sentence adjudged must not only promote respect for the law and provide just punishment for the crime, but also, and equally important, the sentence must send the sufficient deterrent message.  Specifically, that regardless of the manner accomplished, or the substances involved, trafficking in drugs on the Darknet will be swiftly and sternly punished.

More specific to the defendant, though a mandatory minimum term, a five-year sentence will send the message to the defendant that, he alone – as a thirty-eight year old man – is responsible for his actions.  Furthermore, by imposing a five-year term of supervised release, the defendant will have to demonstrate to the Court – over a sustained period – that he will continue on his current pro-social path.  Ultimately, this requested sentence provides the defendant with the opportunity to continue moving forward, but also signals that this is likely the defendant's last opportunity for leniency, and future drug trafficking activity will almost certainly result in increased periods of custodial sanction.

## V.   WAIVER OF APPEAL

In Paragraph 16 of the Plea Agreement, defendant waived his right to appeal the sentence imposed in this case if it does not exceed the applicable Guidelines range determined by the Court at the time of sentencing.  If the Court imposes a sentence within

Government's Sentencing Memorandum - 5
*United States v. Allen D. Lint, CR18-5152 BHS*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the applicable Guidelines range or less, the government respectfully requests the Court notify defendant, pursuant to Rule 32(j)(1)(B), that he has waived his appeal rights except as to the effectiveness of legal representation.  Otherwise, the government requests the Court notify defendant of his right to appeal the sentence as set forth in Title 18, United States Code, Section 3742.

VI.     CONCLUSION

For the foregoing reasons, the government requests that the Court sentence defendant to a total sentence of sixty months confinement, followed by a period of supervision of five years.

DATED this 26th day of November, 2018.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*/s/ Joseph C. Silvio*
JOSEPH C. SILVIO
Special Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-3903
Telephone: (206) 553-4254
Fax: (206) 553-0755
E-mail: joseph.silvio@usdoj.gov

Government's Sentencing Memorandum - 6
*United States v. Allen D. Lint, CR18-5152 BHS*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*/s/ Joseph C. Silvio*
JOSEPH C. SILVIO
Special Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-3903
Telephone: (206) 553-4254
Fax: (206) 553-0755
E-mail: joseph.silvio@usdoj.gov

Government's Sentencing Memorandum - 7
*United States v. Allen D. Lint, CR18-5152 BHS*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970