The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Allen D. Lint,<br><br>　　　　Defendant. | No. CR18-5152 BHS<br><br>**DEFENDANT ALLEN LINT'S SENTENCING MEMORANDUM** |

## I.   SENTENCING RECOMMENDATION

Mr. Lint agrees with the sentencing calculation and recommendation as stated in the Pre-Sentence Report (PSR) completed by United States Probation Officer Kelly Neumeister. Mr. Lint agrees that his adjusted offense level is 34, that his maximum term of imprisonment is 40 years, and that his guideline imprisonment range is 121-151 months. Mr. Lint encourages the Court to adopt the recommendation of the Government; 60 months followed by five years of supervised release and a waived monetary fine is an appropriate sentence.

## II.   TOTAL OFFENSE LEVEL AND CRIMINAL HISTORY

Mr. Lint has no objection to the calculation of his final offense level as 34 as contained in the plea agreement or to the calculation of his criminal history category as II.

## III.   OBJECTIONS TO THE GOVERNMENT'S SENTENCE RECOMMENDATION

Mr. Lint has no objections to the Government's sentencing recommendation.

DEFENDANT'S SENTENCING MEMORANDUM- 1

**LAW OFFICE OF BRYAN HERSHMAN**
1105 Tacoma Avenue South
Tacoma, Washington 98402
Phone  (253) 383-5346

## IV. BASIS FOR RECOMMENDATION

    *a.*    *The sentencing guidelines are only advisory, not mandatory.*

In *United States v. Booker*, 543 U.S. 220, 245 (2005), the Supreme Court rendered the Sentencing Guidelines "effectively advisory." A district court must engage in a guideline analysis, but that is only one part of the 18 U.S.C. § 3553(a) inquiry. *Id*. Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims. And, previously impermissible departures can now be considered. 18 U.S.C. § 3553(a).

> Thus, under the post-Booker discretionary sentencing regime, the advisory guideline range is only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence. For instance, the Sentencing Guidelines' limitations on the factors a court may consider in sentencing — e.g., the impermissible grounds for departure set forth in Section 5K2.0(d) — no longer constrain the court's discretion in fashioning a sentence within the statutory range.

*United States v. Ameline*, 400 F.3d 646, 655-56 (9th Cir.), affirmed, 409 F.3d 1073 (2005).

Further, in exercising their discretion:

> . . . district judges must consider, along with the advisory guideline range the goals and purposes of sentencing as reflected in § 3553(a) and fashion an appropriate sentence that furthers these objectives. To facilitate meaningful appellate review, the court must also provide a reasoned explanation for its sentencing decision. See 18 U.S.C. § 3553(c).

*Ameline*, 400 F.3d at 656.

    *b.*    *Mr. Lint's history warrants a sentence below the standard range.*

Mr. Lint has pleaded guilty to Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Mr. Lint agrees with the

Government's recommendation that the Court sentence defendant to a total term of imprisonment of sixty months, followed by a five-year term of supervised release based on the factors set forth in 18 U.S.C. § 3553(a), with a particular focus on the Mr. Lint's history and characteristics. Mr. Lint's personal history is set forth in the subjoined declaration.

## VI. CONCLUSION

For the reasons set forth in this memorandum, Mr. Lint requests that this Honorable Court adopt the Government's recommended sentence.

DATED: November 30th, 2018.

_____
BRYAN G. HERSHMAN, WSBA No. 14380
Attorney for Defendant

## DECLARATION OF ALLEN LINT

1. I am over the age of 18 and competent to testify herein. All facts contained in this declaration are based on my personal knowledge. I offer the following facts in mitigation.

2. My first and earliest memories were of being sexually abused as a toddler by my mother and one of her "johns," leading to serious trauma and PTSD.

3. My mother, Julie Lynn Moranda and her sister Ruby were enslaved by my father by drug addiction and forced to be street prostitutes.

4. I was molested regularly by my mother and her johns as a toddler.

5. In 1984 my mother made a deal with some bikers to have my father killed and steal his new batch of cocaine and heroin. The murder attempt left my father paralyzed from the waist down permanently. My mother disappeared after that. Law enforcement believes that my mother was murdered.

6. During the custody battle fought between my mother's family and my father, represented by Jay Inslee, I was kidnapped multiple times.

7. I was then raised primarily by my paternal grandparents who were very strict and religious. They did so because my father went back to his drug lifestyle. In their home, I lived with a cousin and aunt and uncle as well as my grandparents is a small trailer. My

grandfather was very physically abusive. My grandmother taught us to pretend everything was ok.

8.  Nearly immediately after moving in with my grandparents an older cousin sexually abused be for about six years until I was 11 years old. Between the ages of 5 and 6 I was sexually molested by an uncle, as well. Between the ages of 9 and 14, I had regular sexual encounters 2 or 3 times a week with a neighbor boy who was 7 years older than me. This lead to serious PTSD.

9.  While being raised by my grandparents, I was regularly told that my mother had abandoned me because she didn't love me. This lead to serious feelings of abandonment.

10. When I was 14, I enrolled back into public school, despite the disapproval of my family. I did well though high school but learned the real history of my mother and father. When I was 17 I learned that my mother resurfaced in Yakima and was released to my father's residence from a rehab as that was her last known address. A few weeks later she disappeared, never to be seen again and is still on the national DOE list of missing women. I learned that my father was a suspect when there was an investigation a year later. However, my father was in jail then on drug charges and refused to cooperate with investigators. I learned that my mother's case was soon after closed, as she was just another missing prostitute. This lead to serious issues with trusting law enforcement. The lies about my mother not caring my whole childhood have me serious doubts in my family's "righteousness" and have cause me to have lots of anger.

11. At this point in my life I started dabbling more with drugs.

12. I avoided my family the next few years due to anger and disappointment. I saw my father on his death bed where he admitted to me that he made my mom disappear and that her body will never be found the way they scattered it around the Yakima River.

13. My life took a downward spiral after that. Getting involved with drug culture, something easy as my father's "friends" would make them easily available to me. My drug addiction led me to opiates. At the time of/during the time leading up to the instant offense, I was massively addicted to opiates and fentanyl.

14. None of these childhood issues were ever addressed until I began counseling this year at Greater Lakes Mental Health where I have made huge strides in learning to cope with these issues and fit into normal society.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Singed at Tacoma, WA, this __30__ day of November, 2018.

_____
Allen Lint

DEFENDANT'S SENTENCING MEMORANDUM- 4

**LAW OFFICE OF BRYAN HERSHMAN**
1105 Tacoma Avenue South
Tacoma, Washington 98402
Phone (253) 383-5346