UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALLEN D. LINT,

Defendant.

No. CR18-5152-BHS

**PRELIMINARY ORDER OF FORFEITURE**

THIS MATTER comes before the Court on the United States' Motion for Entry of a Preliminary Order of Forfeiture ("Motion") seeking to forfeit to the United States the interest of Allen D. Lint ("Defendant") in the following property:

1. $3,122.25 in U.S. currency, more or less, seized from Defendant Allen D. Lint on or about September 28, 2017;
2. Various precious metals seized from Defendant Allen D. Lint on or about September 28, 2017, including the following:
   a. Copper coin marked "1893;"
   b. Copper coin marked "1912" and "2 ½ dollars;"
   c. Copper colored bar, stamped "buffalo" and "10;"
   d. 1-Troy ounce copper coin marked "B;"
   e. Silver coin marked "1921" and "one dollar;"
   f. Silver coins in container marked "90% silver;"
   g. 1-gram silver hearts;
   h. 1-gram silver inside small colored circles;
   i. 1-ounce silver bars;



UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402-4383
(253) 428-3800

j. 1-ounce silver colored coin;
k. 1 Kilo silver bar;
l. 10-ounce silver bars;
m. 1-Troy ounce silver colored coin;
n. 2-Troy ounce silver bars;
o. 2-Troy ounce silver colored coin in individual box;
p. 25-Troy ounce silver bar;
q. 1-ounce gold coin;
r. 1-ounce gold bars;
s. 1-Troy ounce gold bars; and
t. 10-gram gold bars.

3. Samsung mobile phone, model SM-G902V, IMEI 990004864303452;
4. Motorola mobile phone, model XT1650-02, unknown serial or IMEI number, black in color;
5. LG mobile phone, model LG-D820, unknown serial or IMEI number, black in color;
6. Samsung mobile phone, model SM-G386T, serial number R28F8022X2J;
7. Samsung mobile phone, model SM-G925V, IMEI 990004848478784; and
8. Dell laptop computer, Inspiron 5720, service tag number 9BYQCT1.

The Court, having reviewed the record, FINDS:

The above-listed property is forfeitable pursuant to 21 U.S.C. § 853 as proceeds of and/or facilitating property for the Conspiracy to Distribute Controlled Substances, to which the Defendant pleaded guilty, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; and,

In his Plea Agreement, the Defendant agreed to forfeit his interest in the above-listed property, which is forfeitable pursuant to 21 U.S.C. § 853 as proceeds of and/or facilitating property for the Conspiracy to Distribute Controlled Substances. Dkt. 29 at ¶ 7.

THEREFORE, THE COURT ORDERS:

1. Pursuant to 21 U.S.C. § 853, the Defendant's interest in the above-listed property is fully and finally forfeited, in its entirety, to the United States;



UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402-4383
(253) 428-3800

2. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to the Defendant at the time he is sentenced; it will be made part of the sentence; and, it will be included in the Judgment;

3. Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the property as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in this property, the United States shall, to the extent possible, also provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in this property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in such property;

b. shall be signed by the petitioner under penalty of perjury; and,

c. shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, as well as any facts supporting the petitioner's claim and the specific relief sought.

4. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

5. If a third-party petition is filed, if necessary, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,



UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402-4383
(253) 428-3800

6. The Court retains jurisdiction to enforce this Preliminary Order, adjudicate any third-party petitions, enter a Final Order of Forfeiture, and to amend the Preliminary or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 3rd day of December, 2018.

BENJAMIN H. SETTLE
United States District Judge

Presented by:

*/s/ Matthew H. Thomas*

MATTHEW H. THOMAS
Assistant United States Attorney
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, WA 98402-4383
Telephone: (253) 428-3800
Fax: (253) 428-3826
E-mail: Matthew.H.Thomas@usdoj.gov