UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                    Plaintiff,

        v.

ALLEN D. LINT,

                    Defendant.

CASE NO. CR18-5152 BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE

This matter comes before the Court on Allen Lint's ("Lint") motion for

compassionate release.  Dkt. 52.  The Court has considered the pleadings filed in support

of and in opposition to the motion and the remainder of the file and hereby denies the

motion for the reasons stated herein

## I.    PROCEDURAL AND FACTUAL BACKGROUND

On April 4, 2018, the Government filed a complaint against Lint alleging the

crime of possession of LSD with intent to distribute.  Dkt. 1.  On April 18, 2018, the

grand jury returned an indictment against Lint charging a conspiracy to distribute

1  controlled substances and possession of LSD with intent to distribute.  Dkt. 16.  On

2  September 4, 2018, Lint plead guilty to the conspiracy charge.  Dkt. 30.  On December 3,

3  2018, the Court sentenced Lint to 60-months imprisonment followed by five years of

4  supervised release.  Dkt. 43.

5         On June 4, 2020, Lint filed a motion for compassionate release.  Dkt. 52.  On June

6  10, 2020, the Government responded.  Dkt. 59.  On June 12, 2020, Lint replied.  Dkt. 61.

7  On June 25, 2020, the Court requested supplemental briefing.  Dkt. 62.  On June 30,

8  2020, the Government responded, Dkt. 63, and Lint responded, Dkt. 64.

9  ## II.   DISCUSSION

10         Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence

11  of imprisonment "constitutes a final judgment and may not be modified by a district court

12  except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 824 (2010)

13  (internal quotations omitted).  Those limited circumstances are provided under 18 U.S.C.

14  § 3582(c)(1)(A)(i).  Effective December 21, 2018, the First Step Act of 2018 amended

15  § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district

16  court for compassionate release:

17        (A) the court, upon motion of the Director of the Bureau of Prisons,
   or upon motion of the defendant after the defendant has fully exhausted all

18  administrative rights to appeal a failure of the Bureau of Prisons to bring a
   motion on the defendant's behalf or the lapse of 30 days from the receipt of

19  such a request by the warden of the defendant's facility, whichever is
   earlier, may reduce the term of imprisonment (and may impose a term of

20  probation or supervised release with or without conditions that does not
   exceed the unserved portion of the original term of imprisonment), after

21  considering the factors set forth in section 3553(a) to the extent that they
   are applicable, if it finds that—

22        (i) extraordinary and compelling reasons warrant such a reduction;

1             ***
        and that such a reduction is consistent with applicable policy

2    statements issued by the Sentencing Commission; . . . .

3    18 U.S.C. § 3582(c)(1)(A).  Accordingly, a court may reduce a sentence upon motion of a

4    defendant provided that: (1) the inmate has either exhausted his or her administrative

5    appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the

6    inmate's behalf or has waited until 30 days after the applicable warden has received such

7    a request; (2) the inmate has established "extraordinary and compelling reasons" for the

8    requested sentence reduction; and (3) the reduction is consistent with the Sentencing

9    Commission's policy statement.  *See id*.

10         The Sentencing Commission's policy statement referenced in 18 U.S.C.

11   § 3582(c)(1)(A)(i) provides, in relevant part:

12          [T]he court may reduce a term of imprisonment (and may impose a
term of supervised release with or without conditions that does not exceed

13   the unserved portion of the original term of imprisonment) if, after
considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that

14   they are applicable, the court determines that—
       (1)(A) Extraordinary and compelling reasons warrant the reduction;

15          ***
       (2) The defendant is not a danger to the safety of any other person or

16   to the community, as provided in 18 U.S.C. § 3142(g); and
       (3) The reduction is consistent with this policy statement.

17   United States Sentencing Guidelines ("USSG") § 1B1.13.

18         In this case, the Court focuses on the § 3553(a) factors in general and specifically

19   the factor relating to Lint's ability to receive proper medical care at his institution of

20   incarceration.  In general, Lint has failed to establish that the consideration of these

21   factors has changed since his original sentencing in 2018, which weighs against granting

22

1   compassionate release.  Regarding medical care, however, COVID-19 raises serious

2   concerns given Lint's documented medical conditions and the BOP's ability to protect

3   Lint from infection.  While some institutions have been able to prevent the virus from

4   infecting significant numbers of incarcerated individuals and staff, other institutions have

5   experienced widespread infection resulting in serious medical complications including

6   death.  Lint is housed at Sheridan, which has only recently experienced an infection in

7   two inmates.  *See* https://www.bop.gov/coronavirus/ (last visited 8/13/2020).  In light of

8   these facts, the Court finds that this institution's ability to protect Lint and provide proper

9   medical care has not been altered by the global pandemic.  Therefore, Lint has failed to

10  establish sufficient reason to warrant a reduction in his sentence to remove him from this

11  institution, and the Court denies his motion.

### III.  ORDER

13      Therefore, it is hereby **ORDERED** that Lint's motion for compassionate release,

14  Dkt. 52, is **DENIED**.

15      Dated this 13th day of August, 2020.


_____
BENJAMIN H. SETTLE
United States District Judge